UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANET WILLIAMS

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 06-860-RET-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 30, 2007.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANET WILLIAMS

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 06-860-RET-SCR

## MAGISTRATE JUDGE'S REPORT

Plaintiff Janet Williams brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability and supplemental security income (SSI) benefits.

## Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards.[1]  *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S.

---

[1] It is well-established that in cases brought under § 405(g), evidence outside of the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

The Commissioner's failure to apply the correct legal standards or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed are grounds for reversal. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable

2

physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1505 and 416.905.  The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits.  20 C.F.R. §§ 404.1520 and 416.920.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment(s), (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

## Background

Plaintiff was 50 years of age at the time of the ALJ's

decision.[2]  AR pp. 48, 240.  Plaintiff graduated from high school,[3] and had an associate degree in dietetics and training as a nurse's assistant.   AR  pp.  64,  245-46.   Plaintiff's  past  relevant employment consisted of work as a certified nurse's assistant.  AR pp. 66-67, 86-88, 240-42.[4]  Applications for disability and SSI benefits  were  filed  by  the  plaintiff  in  May  2004.   Plaintiff claimed she is disabled and has been unable to work since April 1996, when she began to experience chronic neck and back problems after she was injured in a car accident on the way to work.  AR pp. 59-60.

Plaintiff's applications for disability and SSI benefits were denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).  AR pp. 23-32.  The ALJ held a hearing on May 31, 2006 and issued a decision on June 29, 2006.  AR pp.  10-17,  237-60.   The  ALJ  concluded  at  step  two  that  the plaintiff had a combination of severe impairments - obesity, right ulnar neuropathy, right C7 radiculopathy, chronic pain syndrome, hypertension under fair control and lumbar and cervical strain with spondylosis.   AR  p.  12.   After  finding  at  step  three  that  the

---

[2] Plaintiff is classified as a person closely approaching advanced age.  20 C.F.R. §§ 404.1563(d) and 416.963(d).

[3] Plaintiff's educational level is high school or above.  20 C.F.R. §§ 404.1564(b)(4) and 416.964(b)(4).

[4] Plaintiff also previously worked as a dietician/cook, but this employment ended more than 15 years ago.  AR pp. 241-42.

4

plaintiff's impairments did not medically meet or equal one of the listed impairments, the ALJ evaluated the plaintiff's residual functional capacity to assess whether the plaintiff was able to do her past relevant work or make an adjustment to other work that exists in the national economy.[5]

The ALJ determined that the plaintiff had a residual functional capacity (RFC) for less than a full range of light work.[6] AR pp. 14-16. With this residual functional capacity the plaintiff was clearly unable to perform her past work as a nurse's assistant, which required heavy lifting and extensive standing, walking, and crouching. AR pp. 87, 240-41. However, vocational expert Richard Corbin testified that, considering the plaintiff's limitations/impairments and her age, education and work experience,

---

[5] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

[6] The regulations state that light work is generally defined as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

she would be able to perform some occupations that exist in significant numbers in the national economy - hospital admission clerk, companion, hostess, cashier, and sales clerk.[7]  AR pp. 16, 256-57.  Based on all the evidence and the hearing testimony of the expert, the ALJ concluded at step five that the plaintiff was not disabled.  AR pp. 16-17.  Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council denied the plaintiff's request for review.  AR pp. 4-7.

## Analysis

Plaintiff asserted that the ALJ committed three specific errors in deciding her claim for benefits: (1) the ALJ failed to discharge his affirmative duty to ask the vocational expert if there were conflicts between his testimony and the Dictionary of Occupational Titles; (2) the testimony of the vocational expert did not provide substantial evidence because the expert was not able to quantify the degree to which the side effects of medication would erode the base of jobs available to the plaintiff, and (3) the ALJ failed to consider whether the plaintiff could both obtain and maintain employment.

---

[7] A vocational expert is knowledgeable about the specific requirements of a particular occupation, including working conditions and the skills needed. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).  Along with this information, the vocational expert considers the facts particular to the claimant, such as age, education, work history and residual functional capacity, and addresses the issues of past relevant work and other work the claimant can perform.

Review of the administrative record as a whole demonstrates that the plaintiff's claims of error are without merit and that the final decision of the Commissioner is supported by substantial evidence.

Plaintiff asserted that the ALJ failed to discharge his duty under Social Security Ruling (SSR) 00-4p to ask the vocational expert whether there were any conflicts between his testimony and the Dictionary of Occupational Titles (DOT).  Plaintiff noted that the ALJ stated in his decision that the expert's testimony was consistent with the DOT.  AR p. 16. Yet, the hearing testimony shows that the ALJ did not actually question the expert about any potential conflicts.  Plaintiff argued that the ALJ's failure to inquire about conflicts mandates reversal and remand.

The SSR relied on by the plaintiff provides in relevant part as follows:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.[8]

---

[8] Policy Interpretation Ruling SSR 00-4p: Titles II and XVI: Use Of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions,
(continued...)

Plaintiff correctly pointed out that the ALJ stated in his decision that the expert's testimony was consistent with the DOT, but at the hearing did not ask the vocational expert if the evidence he provided conflicted with information provided in the DOT. AR pp. 16, 254-60. Nevertheless, the record does not support the plaintiff's contention that this is reversible error. Plaintiff did not establish how she was prejudiced by the ALJ's failure to directly question the expert on this point. In other words, the plaintiff failed to explain how the ALJ's adherence to the rule might have led to a different decision.[9] Moreover, the plaintiff's representative did not inquire into any potential conflicts during his questioning of the expert at the administrative hearing. AR pp. 257-60. Nor did the plaintiff argue or even suggest that there is any apparent, actual or implied conflict between the expert's opinion testimony in this case and the DOT. Plaintiff's claim that his case must be remanded because the ALJ's action was inconsistent with SSR 00-4p is without merit.

---

[8](...continued)
2000 WL 1898704, *4 (December 4, 2000).

[9] *DeLeon v. Barnhart*, 174 Fed.Appx. 201 (5th Cir. 2006)(where claimant alleged that the ALJ failed to discover and address conflicts between the testimony of the expert and DOT, claimant not entitled to relief unless she can establish that she has been prejudiced by alleged error), *citing*, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Jasso v. Barnhart*, 102 Fed.Appx. 877 (5th Cir. 2004); *Romine v. Barnhart*, 454 F.Supp.2d 623, 628 (E.D. Tex. 2006)(same).

Plaintiff also asserted that the ALJ contravened the Fifth Circuit's decision in *Watson v. Barnhart*[10] and committed reversible error by failing to assess her ability to maintain employment. Plaintiff argued that her neck and back pain has "waxed and waned" over a period of 12 years. According to the plaintiff, under *Watson* and *Frank v. Barnhart*,[11] the ALJ was required to make a specific finding that she is able to both obtain and maintain employment.

Plaintiff's argument on this alleged error is also without merit. The Fifth Circuit stated in *Perez v. Barnhart*:[12]

> This court made clear in *Frank* that nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case. Rather, *Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms. Without such a showing, the claimant's ability to maintain employment is subsumed in the RFC determination. (internal quotations and citations omitted).

The record does not support the plaintiff's contention that the ALJ was required to make a *Watson/Frank* determination in this case. Plaintiff did not allege, and there is nothing in the record to indicate, that she can work for short periods of time but cannot hold a job. Plaintiff contended that she has been in chronic pain

---

[10] 288 F.3d 212 (5th Cir. 2002).

[11] 326 F.3d 618 (5th Cir. 2003).

[12] 415 F.3d 457, 465 (5th Cir. 2005).

9

and completely unable to work since April 1996.[13]  The fact that the plaintiff's level of pain may change from day to day or has varied in its intensity over the years, is not sufficient to require that the ALJ make a specific finding regarding the plaintiff's ability to maintain employment.[14]

Plaintiff's final claim of error is that the testimony of the vocational expert did not provide substantial evidence at the fifth step, because the expert was not able to quantify the degree to which the side effects of medication would erode the base of jobs available to the plaintiff.  Review of the record as a whole shows that the ALJ did not err by relying on the vocational evidence elicited at the administrative hearing.

Although the plaintiff testified that one of her medications made her groggy, none of the objective medical evidence indicated that the plaintiff experienced this side effect from Flexeril or any other medication.[15]  A review of the hypothetical that formed the basis for the vocational testimony and the specific jobs identified, also shows that the ALJ included the side effect of drowsiness in his question to the expert.  AR p. 255.  Therefore, even if the expert was unable to quantify the degree to which the

---

[13] *See,* AR pp. 48, 60, 144, 146-47, 149-151, 153, 171-72, 178, 190-201, 212, 215-16, 222.

[14] *Perez*, 415 F.3d at 465.

[15] *See*, AR pp. 153-55, 171-73, 188-200, 212, 215, 244, 251.

side effects of medication might erode the number of jobs, this does not undermine the vocational testimony that the plaintiff could perform the jobs identified. AR pp. 255-57.

In order to evaluate the plaintiff's claim at steps four and five of the disability analysis, the ALJ determined the plaintiff's residual functional capacity. The ALJ found that the plaintiff had the remaining ability:

> to occasionally lift and carry up to twenty pounds; to frequently lift and carry up to ten pounds; to sit for up to six hours of an eight-hour workday; to stand for up to six hours of an eight-hour workday; and to walk for up to six hours of an eight-hour workday. Further, the claimant can occasionally climb stairs and balance; should avoid repetitive bending or stooping; can occasionally reach overhead; can do handling (gross manipulation) and fingering (fine manipulation); has no visual; hearing or speaking limitations and has no environmental limitations.[16]

Ample evidence in the record to support this conclusion is found in the test results, the plaintiff's statements about her daily activities, and the reports of Dr. N. Reddy, Dr. Stephen Wilson and psychologist Bryan J. Gros.[17] The evidence shows that while the plaintiff had chronic neck and back and related problems that prevented her from returning to her past work and other heavy/medium level occupations, the conditions did not preclude her from engaging in the type of work set forth in the ALJ's RFC

---

[16] AR p. 14.

[17] AR pp. 78-85, 140-42, 153-55, 171-86, 205-06, 208, 223, 246-48, 253.

determination.

The expert testified that with the impairments/limitations identified by the ALJ, and given the plaintiff's age, education and work experience, the plaintiff would be able to perform other jobs that exist in significant numbers in the national economy[18] - hospital admission clerk, companion, hostess, cashier, and sales clerk.  AR pp. 16, 255-57.  These positions identified by the vocational expert constitute substantial evidence to support the ALJ's conclusion at the fifth step that the plaintiff is not disabled.[19]

---

[18] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications.  It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work.  However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy.  20 C.F.R. §§ 404.1566(a)-(c); 416.966(a)-(c).

[19] When the claimant suffers from limitations that make the Medical-Vocational Guidelines inapplicable, the Commissioner must rely on the services of a vocational expert or similar evidence.  *Carey*, 230 F.3d at 145.  It is well established that if a claimant has nonexertional limitations, the ALJ is required to obtain vocational expert testimony to support his findings at step five.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

Under *Bowling*, the hypothetical question presented to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant
(continued...)

The decision of the ALJ must be upheld when it is based on substantial evidence.  A thorough review of the record demonstrates that substantial evidence underlies the ALJ's findings and that the plaintiff's specific claims of error are not supported by the record.  The final decision of the Commissioner should be affirmed.

### Recommendation

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g) the final decision of the Commissioner of Social Security denying the claim of Janet Williams, for disability and supplemental security income (SSI) benefits be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, November 30, 2007.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[19](...continued)
or his representative must be given the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question.  The impairments and limitations of the claimant recognized by the ALJ and included in the hypothetical must be supported by the evidence.  *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey*, 230 F.3d at 145; *Masterson*, 309 F.3d at 273.  The record reflects that the plaintiff's attorney was given a full opportunity to  question the expert at the administrative hearing.  AR pp. 257-60.